UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X
BUILDING SERVICE 32BJ HEALTH FUND and
BUILDING SERVICE 32BJ THOMAS SHORTMAN
TRAINING, SAFETY AND SCHOLARSHIP FUND,

                            Plaintiffs,
    -against-
                                                  COMPLAINT

SANITRONICS SERVICES, LLC,

                            Defendant.
------------------------------------------------------------------------------X

       Building Service 32BJ Health Fund ("Fund") and the Thomas Shortman Training, Safety and Scholarship Fund ("Training Fund"), jointly referred to herein as the "Funds", as and for their Complaint against Sanitronics Services, LLC ("Sanitronics"), respectfully allege as follows:

### NATURE OF ACTION

1.    This is a civil action brought pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended (29 U.S.C. §§ 1132(a)(3), 1145), (hereinafter referred to as "ERISA") and Section 301 of the Labor-Management Relations Act of 1947 (29 U.S.C. § 185) (hereinafter referred to as the "Taft-Hartley Act"), by an employee health fund and an employee scholarship, training and safety fund, for injunctive and other equitable relief under ERISA to secure performance by an employer of specific statutory and contractual obligations to pay and/or submit the required monetary contributions by electronic transfer, as per the rules and regulations of the Funds, by electronic transfer. This Complaint alleges that by failing, refusing or neglecting to electronically pay and submit the required monetary contributions and/or reports to the Funds when due, Sanitronics violated its collective bargaining agreement, the trust agreements of the Funds, the rules and

regulations of the Funds and ERISA. This Complaint further alleges that by failing, refusing or neglecting to submit to an audit, Defendant further violated the collective bargaining agreement, and the respective trust agreements of the Funds, and ERISA.

## JURISDICTION

2. Jurisdiction of this Court is invoked under the following statutes:

   (a) Section 502(e)(1) and (f) of ERISA (29 U.S.C. § 1132(e)(1) and (f) and 1451;

   (b) Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185);

   (c) 28 U.S.C. Section 1331 (federal question); and

   (d) 28 U.S.C. Section 1337 (civil actions arising under an Act of Congress regulating commerce).

## VENUE

3. Venue properly lies in this district under Section 502(e)(2) of ERISA (29 U.S.C. § 1132(e)(2)). Service of process may be made on Sanitronics in any other district in which it may be found, pursuant to Section 502(e)(2) of ERISA (29 U.S.C. § 1132(6)(2)).

## PARTIES

4. The Funds are jointly-administered, multi-employer, labor-management trust funds established and maintained pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act (29 U.S.C. § 186(c)(5)). The Funds are employee benefit plans within the meaning of Sections 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. § 1002(2),(3), and 1132(d)(1)), and multi-employer plans within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. §§ 1002(37) and 1145). The Funds

are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 U.S.C. § 1132(d)(1)). The purpose of the Funds is, inter alia, to receive contributions from employers, who are parties to collective bargaining agreements with Service Employees International Union, Local 32BJ ("Union"), to invest and maintain those monies, and to distribute health, training, safety and scholarship benefits to those employees eligible to receive them. The Funds maintain their offices and are administered at 25 West 18th Street, New York, New York 10010, in the City, County, and State of New York.

5. The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185), which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. § 142) and Section 3(4) of ERISA (29 U.S.C. § 1002(4)). The Union maintains its offices and is administered at 25 West 18th Street, New York, New York 10011, in the City, County, and State of New York.

6. Upon information and belief, at all times material Sanitronics was, and continues to be, a Virginia limited liability company, having a principal place of business at 4461 Tuscany Court, Woodbridge, Prince William County, Virginia, 22192, and doing business as an employer within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. §§ 1002(5) and 1145), and was and is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185). Further, upon information and belief, Sanitronics is party to a collective bargaining agreement (hereinafter the "Agreement") with the Union wherein, *inter alia*, Sanitronics became obligated to pay and/or submit the required monetary contributions and/or reports to the Funds, for Sanitronics's employees within the unit set forth in the Agreement with Union

7. The Agreement between the Union and Sanitronics, requires, inter alia, that Sanitronics

contribute monthly payments to the Funds so that the Funds, in turn, can provide medical and health benefits and training, safety and scholarship benefits to the bargaining unit members who qualify for such benefits. The Agreement provides, in relevant part:

> The Employer agrees to make payments into a health fund, known as the Building Service 32BJ Health Fund", payable when and how the Trustees determine, to provide health benefits to employees covered by this Agreement...
>
> By agreeing to make the required payments to the Funds, the Employer hereby adopts and shall be bound by the Agreement in Trust and Declaration of Trust as it may be amended and the rules and regulations adopted or hereafter adopted by the Trustees of each Fund in connection with the provision and administration of benefits and the collection of contributions....
>
> The employer agrees to contribute to a Training, Scholarship and Safety Fund known as the "Thomas Shortman Training, Scholarship and Training Fund" ... in accordance with and under such provisions, rules and regulations as may be determined by the Trustees of the Fund, as provided in the Agreement and Declaration of Trust, and amendments thereto.

8. A. The Agreement and Declaration of Trust ("Trust Agreement") of the Health Fund provides, in pertinent part:

A) ARTICLE III:
CONTRIBUTING EMPLOYERS
Industry Employers.
A) Any employer who as of the date of this Agreement is obligated by a Collective Bargaining Agreement to make contributions to the Health Fund, or to a predecessor trust fund that has been merged into it, shall become a contributing Employer to the Trust Fund on the date of this Agreement and shall be bound by the terms of this Trust Agreement.
(b) Any other employer who subsequently becomes a party to a Collective Bargaining Agreement which obligates that employer to contribute to the Trust Fund shall also become a contributing Employer and shall be bound by the terms of this Trust Agreement.

    B)    ARTICLE V
　　　POWERS OF THE TRUSTEES
　　　Administrative Powers. The Trustees shall have all the general and incidental powers necessary or appropriate to the proper administration of the Plan and the Trust Fund, provided that the Trustees shall have no authority to change the rate of Employer Contributions prescribed in any Collective Bargaining Agreement or Participation Agreement, except as Article V, Section 10 provides. Included within such Trustee powers but not by way of limitation, shall be the power: ...

　　　(g) To make, amend, modify or repeal rules and regulations which the Trustees, in their sole discretion, deem necessary or proper for administering the Plan or carrying out the provisions of this Trust Agreement; ....

    C)    ARTICLE V
　　　POWERS OF THE TRUSTEES
　　　Section 3.
　　　General Powers. The Trustees shall also have the power to do all acts, whether or not expressly authorized herein, which they deem necessary or proper for the protection of the Trust Fund or for carrying out the purposes of this Agreement or for accomplishing the general objectives of the Plan....

　　　(g) To make, amend, modify or repeal rules and regulations which the Trustees, in their sole discretion, deem necessary or proper for administering the Plan or carrying out the provisions of this Trust Agreement;

    D)    ARTICLE VIII
　　　OBLIGATIONS OF EMPLOYERS
　　　Section 1. Acceptance of Trust Agreement. Each Employer, upon the signing of a Collective Bargaining Agreement or Participation Agreement, or upon remitting contributions to the Trust Fund, shall be deemed thereby to have agreed to all provisions of this Trust Agreement, to such amendments thereto as the Trustees may adopt pursuant to Article IX, and to all rules and regulations established by the Trustees...

　　　Section 4. Reports to Trustees. Each Employer shall make such reports to the Fund as maybe required by the Trustees for the proper administration of the Plan and Trust Fund....

8.    B.    The Agreement and Declaration of Trust of the Training Fund has similar provisions

to the Health Fund Trust Agreement described above.

## AS AND FOR A FIRST CAUSE OF ACTION

9. The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 8 of this Complaint, as if fully set forth herein.

10. Pursuant to the authority vested in them under the Trust Agreements, the Trustees of the respective Funds promulgated a rule and regulation that effective January 1, 2015, all contributing employers, including Sanitronics, would be required to register with the Funds' electronic reporting and remittance system ("ESS"), and henceforth provide the Funds with the required employee update information and payments through ESS.

11. Prior to January 1, 2015 participation in ESS was voluntary, with employers having the option to participate or to continue remitting reports and payment by paper transaction (to wit, payment by check).

12. Since January 1, 2015 payment and participation in ESS became mandatory.

13. As of January 1, 2015 the Funds closed down the department responsible for paper transactions and in the ordinary course of business the Funds no longer process payments through a paper system.

14. At various times prior to January 1, 2015, Sanitronics had been contacted by the Funds to register with and participate in ESS. When Sanitronics failed to register with the Funds, the Funds commenced an action in the United States District Court for the Southern District of New York Docket No 15-CV-8164, wherein the Funds sought an order of the Court to compel Sanitronics to register to pay electronically and then to pay electronically.

15. The action described above in paragraph 13 was voluntarily dismissed by the Funds, without prejudice, upon Sanitronics' registration with the electronic payment system of the Funds.

Yet, notwithstanding Sanitronics' registration with the electronic payment system, to date, Sanitronics has failed to make the required monthly electronic system payments.

16. Based upon Sanitronics' continued failure and refusal to comply with the Funds' rules and regulations concerning the electronic payment of contributions, the Funds are owed no less than $83,126.05 in principal and $6,636.07 in interest.

17. Sanitronics' continued refusal to comply with the Funds' rules and regulation can result in the employees being denied fringe benefits and medical insurance as a consequence of the non-payments through ESS, and thereby causing siad employees irreparable harm.

18. Accordingly, Sanitronics is liable to the Funds for the electronic payment and/or submission of the required monetary contributions and/or reports to the Funds as aforesaid, and is liable for the additional amount of statutory damages, together with reasonable attorneys' fees, interest on any unpaid principal, liquidated damages, costs and disbursements incurred in this action, pursuant to Section 502(g) of ERISA (29 U.S.C. § 1132(g)).

19. The Funds seek injunctive relief of the Court directing the Sanitronics to comply with its Agreement with the Union and ERISA and to immediately comply the Funds' ESS rules and regulation requiring Sanitronics to remit the employee status information and payment electronically.

AS AND FOR A SECOND CAUSE OF ACTION

20. The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 19 of this Complaint, as if fully set forth herein.

21. Defendant is obligated, pursuant to the terms of the Agreement and ERISA, to permit and cooperate in the conduct of audits of the books and records of Defendant by the Funds.

22. At various times the Funds had requested the opportunity to conduct an audit to determine

whether the Defendant was in compliance with its contribution requirements under the collective bargaining agreement and under ERISA.

23. To date the Defendant has failed and refused, and it continues to fail and refuse, to permit the Funds to conduct the afore described audit.

24. Accordingly, pursuant to the terms and conditions of the Agreement and ERISA, the Funds demand an order directing Defendant to permit and cooperate with the Funds and/or their designated representatives in the conduct of the aforesaid audit of Defendant's books and records.

WHEREFORE, the Funds respectfully pray that the Funds be granted preliminary injunctive relief and that final judgment be entered in favor of the Funds and against Sanitronics directing Sanitronics to permit and cooperate with the Funds and/or their designated representatives in the conduct of the aforesaid audit of Defendant's books and records and to further order Defendant to comply with the Funds' rules and regulations by henceforth providing employee status information and contributions, including interest on late payments, to the Funds through ESS for as long as Sanitronics is obligated to contribute to the Funds, and that the Funds be granted such other and further relief as the Court deems just and proper, including relief under ERISA of attorney's fees, costs and disbursements.

Dated: Fort Lee, New Jersey
September 23, 2016

RAAB, STURM & GANCHROW, LLP
By:_____
Ira A. Sturm (IS-2042)
*Attorneys for Plaintiffs Funds*
2125 Center Avenue, Suite 100
Fort Lee, New Jersey 07024
(Tel.)201-292-0150
(Fax) 201-292-0152
Email: isturm@rsgllp.com